IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

vs.                                          CRIMINAL NO.: 07-766 WJ

ROBERT GUYTON COOK,

      Defendant.

## ORDER GRANTING UNITED STATES' MOTION FOR ORDER OF INELIGIBILITY FOR REDUCED SENTENCE UNDER 18 U.S.C. § 3582
## and
## DISMISSING DEFENDANT'S MOTION TO REDUCE SENTENCE FOR LACK OF JURISDICTION

THIS MATTER is before the Court on Defendant's Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582, filed on August 31, 2015 (**Doc. 669**) and the United States' Motion for Ineligibility for Reduced Sentence Under 18 U.S.C. § 3582, filed on May 4, 2017 (**Doc. 694**). The United States Probation Office filed a memorandum on October 20, 2015 (the "Probation Memo"), which has as an attachment the Defendant's Pre-Sentence Report ("PSR") which was prepared in connection with the sentencing of the Defendant for the underlying offenses. Subsequently, the United States filed its Motion. Defendant has not filed a Response. Having considered the written arguments and the applicable law, the Court finds that the United States' Motion is well-taken and, therefore, is **GRANTED**, and Defendant's Motion is not well-taken and, therefore, is **DISMISSED** for lack of jurisdiction.

**DISCUSSION**

On May 28, 2009, Defendant Robert Guyton Cook was sentenced to 180 months imprisonment, with 4 years' supervised release to follow for the following charge(s): Count 1: Violent Crimes in Aid of Racketeering Conspiracy to Commit Murder and Count 9: Conspiracy, to wit.: Distribute 50 Grams and More of a Mixture and Substance Containing a Detectable Amount of Methamphetamine. On August 31, 2015, Defendant filed a Motion to Reduce Sentence, pursuant to 18 U.S.C. § 3582(c)(2) based on the retroactive guideline amendment to U.S.S.G. § 2D1.1 (Doc. 669).

"Generally, federal courts are prohibited from 'modify[ing] a term of imprisonment once it has been imposed." *United States v. Kurtz*, 819 F.3d 1230, 1233–34 (10th Cir. 2016) (quoting *United States v. Lucero*, 713 F.3d 1024, 1026 (10th Cir. 2013)); *See also* 18 U.S.C. § 3582(c). "But 'in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission,' district courts 'may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable.'" *Kurtz*, 819 F.3d at 1234 (quoting § 3582(c)(2)).

The Court has no authority to further reduce Defendant's sentence. As the Probation Memo correctly found, based on the 2014 retroactive guideline amendment to U.S.S.G. § 2D1.1 (Amendment 782), Defendant's total offense level would be 36, rather than 37. An offense level of 36 combined with a criminal history category of IV results in a guideline imprisonment range of 262 to 327 months. However, the Court finds that because Defendant was granted a downward variance and sentenced to 180 months, which is lower than the amended guideline range, the defendant is not eligible for any reduction. In other words, as the government points out in its

Motion, the new low end of the sentencing range (262 months) is not below the sentence previously imposed (180 months), so Defendant is not eligible for any further reduction. *See United States v. Boyd*, 721 F.3d 1259, 1264 (10th Cir. 2013) (a defendant is generally not eligible for a sentencing reduction if he already received a sentence that was at or below the bottom of the new guideline range).

Accordingly, for the reasons herein stated, the Court finds that Defendant's Motion to Reduce Sentence (**Doc. 669**) is not well-taken and is therefore **DISMISSED** for lack of jurisdiction. The Court further finds that the United States' Motion for Order of Ineligibility (**Doc. 694**) is well-taken and is therefore **GRANTED**.

**SO ORDERED**

_____
UNITED STATES DISTRICT JUDGE